## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| TERRIN LEE (B50137), | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 18 C 8502 |
| | ) | |
| JACQUELINE LASHBROOK, | ) | |
| | ) | |
| Respondent. | ) | |

**CHARLES P. KOCORAS, District Judge**:

## MEMORANDUM OPINION

Before the Court is Petitioner Terrin Lee's ("Lee") petition for writ of habeas corpus under 28 U.S.C. § 2254 challenging his convictions from the Circuit Court of Cook County. For the following reasons, the Court will deny the petition on the merits and decline to issue a certificate of appealability.

## BACKGROUND

State court factual findings, including facts set forth in state court appellate opinions, have a presumption of correctness, and Lee has the burden of rebutting the presumption by clear and convincing evidence. 28 U.S.C § 2254(e)(1); *Tharpe v. Sellers*, 138 S. Ct. 545, 546 (2018); *Hartsfield v. Dorethy*, 949 F.3d 307, 309 n.1 (7th Cir. 2020) (citations omitted). Lee has not made such a showing here. Accordingly, the Court draws the pertinent facts from the state appellate record and briefly provides

1

some background as it bears on the instant petition. *See, e.g., People v. Lee*, 2018 IL

App (1st) 152977-U, ¶ 5, *appeal denied*, 111 N.E.3d 985 (Ill. 2018).

Lee was convicted by a jury of aggravated kidnapping, attempted aggravated

sexual assault, and armed habitual criminal ("AHC") for his offenses against a fifteen-

year-old boy ("D.F.").

D.F. testified at trial that around 11:30 p.m. on March 18, 2010, he left his home

to go to his aunt's house. As D.F. was walking to his aunt's house, a man identified at

trial as Lee, forced D.F. into his car at gunpoint. D.F. did not leave because he was

scared and feared that Lee still had a gun. Lee and D.F. subsequently entered a second-

floor apartment. Thereafter, Lee left D.F. in a room and later returned wearing only

boxer shorts and a t-shirt. Lee asked D.F. to perform oral sex on him. D.F. refused.

D.F. then asked Lee if there was a bathroom and Lee suggested that D.F. relieve

himself through the window instead. D.F. ultimately exited through the window,

walked to the police station, and told the police what happened. D.F. later identified

Lee's car and recognized Lee as the perpetrator at both the police station and in open

court.

Three specific additional facts at trial bear on the instant petition. First, Officer

Akins provided the following testimony:

> [State]: After you spoke with him about that incident—when you spoke
> with D.F., what was his demeanor like?
> [Witness]: His demeanor was similar to that of a rape victim.
> [Defense Counsel]: Objection.
> [The Court]: Basis?

[Defense Counsel]: Area of expertise.
[The Court]: I'll give you an opportunity to cross-examine on that point.
Objection overruled.
* * *
[Defense Counsel]: She could testify as to what she looked at, but not
her opinion about it.
[The Court]: I'll give you an opportunity to cross-examine on that point.
The objection is overruled.

*People v. Lee*, 2014 IL App (1st) 113670-U, ¶ 32.

Second, Detective Barnes testified at trial that an investigative alert was issued

for Lee during the police investigation. *Id.* at ¶ 39. And third, the parties stipulated that

Lee had been convicted of two qualifying offenses that supported the AHC charge.

Following his trial and convictions, Meyers was sentenced to life in prison. His

convictions and sentences were affirmed by the Illinois Appellate Court. The Supreme

Court of Illinois denied his petition for leave to appeal. The state court also rejected

Lee's postconviction petition. Having completed his state court proceedings, Lee now

brings the present habeas corpus petition in this Court.

## DISCUSSION

This Court can grant a petition for a writ of habeas corpus by a state prisoner

only if he is in custody "in violation of the Constitution or laws or treaties of the United

States." 28 U.S.C. § 2254(a). Under this statute, we must give "full effect" to state

judgments that are consistent with federal law. *Williams v. Taylor*, 529 U.S. 362, 383

(2000). Thus, we apply a deferential standard of review and give the Illinois court

rulings the benefit of the doubt. *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002). At the

same time, as a *pro se* litigant, we must construe Lee's petition liberally. *Ward v. Jenkins*, 613 F.3d 692, 697 (7th Cir. 2010).

The instant petition alleges that: the trial court erred in admitting lay opinion testimony from Officer Akins that D.F.'s demeanor was similar to that of a rape victim (Claim 1); the evidence was insufficient to convict Lee because D.F.'s testimony was not credible (Claim 2); the trial court erred in admitting Detective Barnes' testimony about an investigative alert that was issued for petitioner (Claim 3); trial counsel was ineffective for failing to sever the AHC charge from the aggravated kidnapping and attempted aggravated sexual assault charges (Claim 4); Lee's sentence should be vacated because it involves an improper double enhancement (Claim 5); the AHC statute is unconstitutional because it criminalizes innocent conduct (Claim 6); the use of Lee's prior convictions under the AHC statute is unconstitutional (Claim 7); the Illinois First Appellate District Local Rule 31(c) violates Lee's access to the courts; (Claim 8); and Lee was deprived of reasonable assistance of postconviction appellate counsel (Claim 9). We address each claim in turn.

## 1. Improper Introduction of Evidence (Claims One and Three)

Lee's first claim is that the trial court erred in admitting Officer Akins' testimony under Illinois Rule of Evidence 701 concerning the admissibility of lay testimony. Dkt. 3 at 21.[1] Respondent argues that this claim presents a non-cognizable issues of state

---

[1] All docket citations reference 1:18:cv:08502.

law, that it was procedurally defaulted by not being fairly presented to the state court, and that it is meritless.  Although we conclude that Lee has adequately raised the issue in this Court and before the state courts, we deny Lee's claim on the merits.

Respondent's first argument is that Lee's claim is not cognizable on habeas review.  However, Lee's papers explicitly draw a connection to the Fourteenth Amendment, Dkt. 1 at 8, which "render[s] his claim cognizable on habeas review." *Perruquet v. Briley*, 390 F.3d 505, 512 (7th Cir. 2004).  Apart from Lee's labeling, "the basic rationale" of Lee's argument is also "readily discernible" and is therefore "within the power of a federal court to address." *Id.*

Next, Respondent argues that Lee's first claim is procedurally defaulted because Lee did not fairly present his argument as a federal constitutional argument in state court.  On this point, we also agree with Lee.  On appeal before the Illinois Appellate Court, Lee's very first citation in the table of contents is to the Fourteenth Amendment. Dkt. 10-2 at 3.  Lee's table of contents once again cites the Fourteenth Amendment as it relates to his specific claim about Officer Akin's testimony.  Dkt. 10-2 at 4.  And, yet again, in his argument section, Lee relies on the Fourteenth Amendment for the proposition that the "improper testimony" denied Lee "a fair trial" warranting reversal and remand.  Dkt.  10-2 at 33.  Accordingly, we conclude that Lee's citations did "place[] the Illinois courts on notice that [Lee] was asserting a [federal] due process claim[.]" *Perruquet*, 390 F.3d at 520 n.3.

5

We nevertheless deny Lee's first claim because Lee has not established that this evidentiary ruling was "so prejudicial that it violated his due process right to a fundamentally fair trial, creating the likelihood that an innocent person was convicted." *Dressler v. McCaughtry*, 238 F.3d 908, 914 (7th Cir. 2001). Initially, we observe that the Illinois Appellate Court's interpretation of Illinois Rule of Evidence 701 "binds a federal court sitting in habeas corpus." *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005). Thus, because the Illinois Appellate Court concluded that the trial court did not abuse its discretion in applying Rule 701, *Lee*, 2014 IL App (1st) 113670-U at ¶ 35, Lee's claim continues to fail as a matter of Illinois law.

Lee has not cited any authority that suggests that Illinois Rule 701 implicates his federal due process right to a fair trial. The record reflects that Lee's counsel had "ample opportunity to cross-examine Officer Akins on the subject." *Id.* It then reflects a proficient defense counsel who relied on this cross-examination in closing arguments to diminish D.F.'s credibility. Therefore, the Court sees no indication that an evidentiary ruling challenged by defense counsel—and then upheld by the Illinois courts under Illinois evidentiary law— "fatally infected" Lee's trial. *Lisenba v. People of State of California*, 314 U.S. 219, 236 (1941). The Court instead sees a reasonable evidentiary decision which sensibly could have gone either way and which was of comparatively "little importance in the trial setting." *Alvarez v. Boyd*, 225 F.3d 820, 825 (7th Cir. 2000). We decline to now "magnify the significance" of any hypothetical error on habeas review. *Id.*; *see also U.S. ex rel. Mobley v. Atchison*, 2012 WL 649205,

at *10 (N.D. Ill. 2012) (rejecting the conclusion that the allegedly improper admission of evidence under Fed. R. Evid. 701 denied petitioner "a fundamentally fair trial").

Lee's third claim suffers from similar flaws. Although Lee properly raised the issue, *Perruquet*, 390 F.3d at 512 and 520 n.3, this claim also fails on the merits. Specifically, Lee contends that the trial court erred in allowing Officer Barnes to testify about an investigative alert that was issued for defendant during the police investigation. Dkt. 3 at 29. Respondent argues that this evidence was necessary to fully and adequately explain the State's case against Lee. The Illinois Appellate Court agreed. So do we.

Although state evidentiary rulings can occasionally be cognizable, Lee has provided us with no authority that this state-based determination rises to the level of a federal constitutional violation. *Lee*, 2014 IL App (1st) 113670-U at ¶ 40; *see also Haas v. Abrahamson*, 910 F.2d 384, 389 (7th Cir. 1990) ("state court evidentiary rulings, because they are a matter of state law, will rarely serve as a proper basis for granting a writ for habeas corpus"). Indeed, Lee's memorandum in support of his petition relies on Illinois state cases, *see, e.g.,* Dkt. 3 at 29-30, not cases implicating his constitutional right to a fair trial. Because the state trial court applying state evidentiary law could have reasonably concluded that Detective Barnes' testimony was necessary to fully and adequately explain the State's case against Lee, we deny Lee's Third Claim.

Taking these errors collectively, as we must, *U.S. v. Banks*, 405 F.3d 559, 570 (7th Cir. 2005), the Court is not "firmly convinced that but for the errors, the outcome

of the trial probably would have been different." *Alvarez*, 225 F.3d at 825. Even if Officer Akins' statement was not properly admitted, there was still enough evidence for Lee to be found guilty beyond a reasonable doubt. Lee's guilt did not depend solely on how Officer Akins reported D.F.'s demeanor or the allegedly flawed investigative alert. *Lee*, 2014 IL App (1st) 113670-U, ¶ 37. To the contrary, D.F.'s verbal account was also corroborated by his subsequent identification of Lee's car and his later identification of Lee in a photo array and in-person lineup. *Id.* This is enough for Lee to have been convicted beyond a reasonable doubt. *People v. Boone*, 2015 IL App (1st) 131839-U, ¶ 12.

For the foregoing reasons, we deny Lee's first and third claims.

## 2. Sufficiency of the Evidence to Convict (Claim Two)

Lee's second claim contends that D.F. was "not a trustworthy witness," Dkt. 3 at 25, and that we should conclude that reasonable doubt exists as a matter of law. We decline to interpose our own credibility determinations for the juries. Accordingly, claim two is denied.

Evidence sufficiently supports a conviction when, "after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). A federal habeas court may not overturn a state court decision rejecting a sufficiency challenge unless the state court decision was "objectively unreasonable." *Cavazos v. Smith*, 565 U.S. 1, 2 (2011); 28 U.S.C. §

8

2254(d). The Court also observes that "it is the exclusive function of the jury to determine the credibility of witnesses, resolve evidentiary conflicts, and draw reasonable inferences." *United States v. Reed*, 875 F.2d 107, 111 (7th Cir.1989) (citation omitted).

The state court decision in Lee's case was not "objectively unreasonable." Here, the Illinois Appellate Court correctly applied *Jackson*. The trial demonstrated that Lee pulled up next to D.F. in a blue car and forced him inside at gunpoint. D.F. was then forced inside an apartment where Lee exposed himself to D.F. D.F. ultimately escaped, went to the police station, and told the police what happened. The police took D.F. back to the scene where D.F. identified Lee's car. A license plate search showed that the identified car belonged to Lee. D.F. later identified Lee to the police and also in open court.

Contrary to the allegation that the Illinois Appellate court "completely ignored" the "specifics," Dkt. 3 at 27, the Illinois Appellate Court reasonably concluded that a rational trier of fact could have found the necessary elements beyond a reasonable doubt. The court observed that there "may have been inconsistencies in D.F.'s testimony" but that it was for the trier of fact to sort out those inconsistencies, not the appellate court. Here, the "jury clearly resolved any inconsistencies in favor of the State[.]" *Lee*, 2014 IL App (1st) 113670–U at ¶ 27. The jury did not find D.F.'s story "impossible to belief," Dkt. 3 at 27, and, upon careful review, neither does the Court.

At bottom, it is not the Court's province to upset the jury's fact-bound credibility determinations as to D.F.'s testimony. *United States v. Rebolledo-Delgadillo*, 820 F. 3d 870, 876 (7th Cir. 2016). Accordingly, we deny the second claim.

### 3. Severance of the Armed Habitual Criminal Charge (Claim Four)

Lee's fourth claim is that his trial counsel erred by failing to sever the AHC charge from his other charges because evidence of his other convictions unfairly presented him as a person with a propensity to commit crime. Respondent retorts that the decision to not sever the charges was within the range of objectively reasonable behavior under *Strickland v. Washington*, 466 U.S. 668 (1984). On this point, we agree with Respondent.

Lee cannot demonstrate that the appellate court's rejection of his claim was either contrary to or an unreasonable application of *Strickland* as the state court properly identified and applied the *Strickland* standard. In applying the first prong of *Strickland*, we too "indulge a strong presumption that the challenged action, or inaction, was the result of sound trial strategy." *People v. Poole*, 2012 IL App (4th) 101017, ¶ 10; *accord Harrington v. Richter*, 562 U.S. 86, 104 (2011).

In Lee's case, the Illinois Appellate Court noted that "a defense decision not to seek a severance, although it may prove unwise in hindsight, is regarded as a matter of trial strategy." *Lee*, 2014 IL App (1st) 113670-U at ¶ 49 (quoting *Poole,* 2012 IL App (4t) 101017, ¶ 10). Indeed, one of the major disadvantages of severance is that it gives the State "two bites at the apple" where an initial evidentiary deficiency can "perhaps

be cured in the second." *Id.* This disadvantage was in fact aptly demonstrated in the Seventh Circuit case *Riley v. Calloway* where a defendant acquitted of murder was later properly convicted of a severed AHC charge. 882 F.3d 738 (7th Cir. 2018). Given this precedent, it is objectively reasonable to not seek severance.

Nor are we convinced that Lee was unconstitutionally prejudiced by his defense lawyer's decision to stipulate to the fact of petitioner's prior felony convictions rather than seek severance. *See People v. Fields*, 2017 IL App (1st) 110311-B, ¶ 28 ("the stipulation to the mere fact of the conviction mitigated the prejudice to defendant, when compared to the specific offenses heard by the jury"). Indeed, the stipulations prevented the underlying facts from petitioner's prior offenses from being disclosed. That a different outcome "could," Dkt. 3 at 31, have happened, is mere speculation by Lee that does not sufficiently present a cognizable federal issue. Any possible prejudice was also limited by the instruction given to the jury that they could only consider Lee's prior convictions to determine whether the State established an essential element of the AHC charge.

Accordingly, we deny Lee's fourth claim.

## 4. Lee's Remaining Claims (Claims 5-9)

Lee's remaining claims are either procedurally defaulted (5-8) or non-cognizable (9) on habeas review. As for claims 5-8, the Illinois Appellate Court concluded that Lee forfeited these claims by not raising them on direct appeal. *Lee*, 2018 IL App (1st) 152977-U, ¶ 33 ("We find that arguments one through four of defendant's pro se brief

11

are forfeited, where all four contentions could have been raised in his direct appeal, but were not."). These claims are therefore barred. *Coleman v. Thompson*, 501 U.S. 722, 729-30 (1991) (independent and adequate state ground doctrine "applies to bar federal habeas when a state court declined to address a prisoner's federal claims because the prisoner had failed to meet a state procedural requirement"); *Szabo v. Walls*, 313 F.3d 392, 395 (7th Cir. 2002) ("state is entitled to treat as forfeited a proposition that was not presented in the right court, in the right way, and at the right time—as state rules define those courts, ways, and times"). In any event, Lee's individual claims still fail on their merits.

Lee's fifth claim is that his sentence involves an improper double enhancement. The State responds that this alleges a non-cognizable state law issue. On this issue, we agree with Judge Tharp that the double enhancement at issue here is a "creature of Illinois law." *Thompson v. Harrington*, 2013 WL 5663460, at \*6 (N.D. Ill. 2013). It is therefore not cognizable on habeas review. *Hayes v. Battaglia*, 403 F.3d 935, 939 (7th Cir. 2005) ("[I]f (as [petitioner] insists) the evidence should have been excluded as a matter of Illinois law that is none of our concern . . . Section 2254 is not a means to enforce rules of state law."). Accordingly, we deny Lee's fifth claim.

Lee's sixth claim is that the AHC statute is unconstitutional because, according to Lee, the Illinois Supreme Court held that all people, including felons, are entitled to possess firearms under *Coram v. State*, 2013 IL 113867. The State responds that Lee's characterization of Illinois law is wholly inaccurate. We agree with the State. Indeed,

12

a facial challenge to the AHC statute on identical grounds has been rejected by several panels of the Illinois Appellate Court. *See, e.g., People v. West*, 2017 IL App (1st) 143632; *People v. Johnson*, 2015 IL App (1st) 133663; and *People v. Fulton*, 2016 IL App (1st) 141765. In so holding in *West*, the Illinois Appellate Court noted that "*Coram* [is] distinguishable because it did not address the constitutionality of the AHC statute." *West*, 2017 IL App (1st) 143632, ¶ 22. We agree and accordingly deny Lee's sixth claim.

Lee's seventh claim is that the AHC statute is unconstitutional. However, the Supreme Court has "repeatedly upheld recidivism statutes against contentions that they violate constitutional strictures dealing with double jeopardy, ex post facto laws, cruel and unusual punishment, due process, equal protection, and privileges and immunities." *Parke v. Raley*, 506 U.S. 20, 27 (1992) (internal quotation omitted). Indeed, the AHC statute has been upheld by Illinois state courts "on the basis that [it] punish[es] a defendant for a new and separate crime, not for the earlier offense committed before the statute was enacted." *People v. Leonard*, 391 Ill. App. 3d 926, 931 (2009). Thus, the AHC statute does not violate "the United States and Illinois constitutional prohibitions against *ex post facto* legislation." *People v. Bailey*, 396 Ill. App. 3d 459, 464 (2009); *accord People v. Branch*, 2011 WL 9961117, at *11 (Ill. App. Ct. 2011).

Lee's eighth claim asserts a challenge to Illinois First Appellate District Rule 31(c) which provides that defendants must send mail through their attorney if represented by counsel. *See* Ill. App. Ct., First Dist. R. 31(c). To the extent this claim

raises a claim of Illinois state law, it is not cognizable. *Estelle v. McGuire*, 502 U.S. 62, 67 (1991) ("federal habeas corpus relief does not lie for errors of state law"). And, as a matter of federal habeas review, Lee can prevail only if "the official actions at issue hindered his efforts to pursue a legal claim." *Eichwedel v. Chandler*, 696 F.3d 660, 673 (7th Cir.) (internal quotation omitted). But Lee has not established "actual injury" here. *Dunn v. Seiter*, 96 F.3d 1450 (7th Cir. 1996). There is no indication that the Illinois Appellate Court did not receive or review his briefs. Indeed, the Illinois Appellate Court even allowed Lee to file a supplemental brief. Additionally, to the degree that Lee could establish some "isolated incident[]," any such incident is insufficient to constitute a constitutional violation. *Bruscino v. Carlson*, 654 F. Supp. 609, 618 (S.D. Ill. 1987), *aff'd*, 854 F.2d 162 (7th Cir. 1988).

Lee's ninth and final claim is that he received ineffective assistance of counsel during postconviction proceedings. But, as Respondent's counsel aptly points out, this claim is not cognizable on habeas review. 28 U.S.C. § 2254(i) ("The ineffectiveness or incompetence of counsel during . . . State collateral postconviction proceedings shall not be a ground for relief in a proceeding arising under section 2254."). And, even were it cognizable, Respondent has not sufficiently demonstrated prejudice that altered the course of the proceedings.

## 5. Certificate of Appealability

The Court declines to issue a certificate of appealability. Lee cannot make a substantial showing of the denial of a constitutional right, namely that reasonable jurists

14

would not debate, much less disagree, with this Court's resolution of Lee's claims. *Arredondo v. Huibregtse*, 542 F.3d 1155, 1165 (7th Cir. 2008) (citing 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)).

Lee is advised that this is a final decision ending his case in this Court. If Petitioner wishes to appeal, he must file a notice of appeal with this Court within thirty days of the entry of judgment. *See* Fed. R. App. P. 4(a)(1). Lee need not bring a motion to reconsider this Court's ruling to preserve his appellate rights. However, if Lee wishes the Court to reconsider its judgment, he may file a motion under Federal Rule of Civil Procedure 59(e) or 60(b). Any Rule 59(e) motion must be filed within 28 days of the entry of this judgment. *See* Fed. R. Civ. P. 59(e). The time to file a motion pursuant to Rule 59(e) cannot be extended. *See* Fed. R. Civ. P. 6(b)(2). A timely Rule 59(e) motion suspends the deadline for filing an appeal until the Rule 59(e) motion is ruled upon. *See* Fed. R. App. P. 4(a)(4)(A)(iv). Any Rule 60(b) motion must be filed within a reasonable time and, if seeking relief under Rule 60(b)(1), (2), or (3), must be filed no more than one year after entry of the judgment or order. *See* Fed. R. Civ. P. 60(c)(1). The time to file a Rule 60(b) motion cannot be extended. *See* Fed. R. Civ. P. 6(b)(2). A Rule 60(b) motion suspends the deadline for filing an appeal until the Rule 60(b) motion is ruled upon only if the motion is filed within 28 days of the entry of judgment. *See* Fed. R. App. P. 4(a)(4)(A)(vi).

## CONCLUSION

For the reasons mentioned above, the Court denies Lee's petition for writ of habeas corpus. Further, the Court declines to issue a certificate of appealability. The Clerk is instructed to: (1) terminate Respondent Jacqueline Lashbrook and replace her with Frank Lawrence, who has replaced Lashbrook as acting warden of the Menard Correctional Center; (2) alter the case caption to *Lee v. Lawrence*; and (3) enter a judgment in favor of Respondent and against Petitioner. Civil Case Terminated. It is so ordered.

Dated: 10/1/2020

_____

Charles P. Kocoras
United States District Judge